RENDERED: MAY 19, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0779-MR

MANUEL CRESPO                                            APPELLANT

                 APPEAL FROM HART CIRCUIT COURT
v.           HONORABLE CHARLES C. SIMMS, III, JUDGE
                     ACTION NO. 16-CR-00027

COMMONWEALTH OF KENTUCKY                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE: Manuel Crespo appeals from orders of the circuit court which denied his Kentucky Rules of Criminal Procedure (RCr) 11.42 motion alleging ineffective assistance of counsel and denied his motion for expert funding. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

On February 13, 2016, Appellant, crashed his vehicle into another vehicle. Appellant was alone in his vehicle, but there were four people in the other vehicle. Two of the four passengers in the other vehicle were killed. Appellant was intoxicated at the time.

On March 1, 2016, a grand jury indicted Appellant on two counts of wanton murder,[1] three counts of wanton endangerment in the first degree,[2] and a number of various misdemeanors. Appellant does not speak English, but was accompanied by a Spanish language interpreter at all times during the underlying proceedings. Appellant was also represented at trial by an attorney from the Department of Public Advocacy (DPA), Lucrecia Hudson-Diaz, who spoke fluent Spanish.

On March 7, 2017, Appellant entered a guilty plea in which he would serve forty years in prison. He was sentenced in accordance with this plea one month later. On December 11, 2017, Appellant, *pro se*, filed the underlying RCr 11.42 motion. This motion was supplemented multiple times by appointed attorneys from the DPA. Again, Appellant was provided an interpreter at all times. One argument raised in the RCr 11.42 motion was that he was denied effective

---

[1] Kentucky Revised Statutes (KRS) 507.020.

[2] KRS 508.060.

assistance of counsel because Spanish was his second language and he was not a fluent speaker. Instead, his native language was a regional language called Nawat. Appellant was eventually provided a Spanish language interpreter and a Nawat language interpreter.

A hearing on the RCr 11.42 motion was held on March 9, 2022. The motion was denied on May 17, 2022. This appeal followed.

## ANALYSIS

Appellant's first argument on appeal is that he did not receive effective assistance of counsel because his trial counsel failed to investigate his language background and determine that a Nawat interpreter was required. He claims that his rudimentary knowledge of Spanish caused him to not understand the consequences of his guilty plea.

To prevail on a claim of ineffective assistance of counsel, Appellant must show two things:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.*

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.

*Id.* at 691-92, 104 S. Ct. at 2066-67 (citations omitted). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2067. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068.

Here, the trial court held that Appellant was fluent in Spanish and did not require a Nawat interpreter. The court found that Appellant had entered into the United States in 1997, when he was fifteen years old. From that point on, he has spoken primarily Spanish. This includes communicating with his coworkers, girlfriend, and two children. Appellant testified that he had not encountered

anyone speaking Nawat since coming to the United States. In addition, his trial counsel testified during the RCr 11.42 hearing that she and Appellant were able to communicate with each other using Spanish and that she had no concerns that he was unable to understand her. Appellant's trial attorney also stated this on the record during Appellant's guilty plea colloquy in 2017. In addition, during his testimony at the RCr 11.42 hearing, Appellant testified that he was able to communicate with his trial counsel. Finally, the court took into consideration that none of the multiple attorneys or Spanish language interpreters that were involved with Appellant during his trial indicated to the court that Appellant was having difficulties understanding Spanish.

We believe that the trial court did not err in finding trial counsel was effective. We agree that Appellant was able to understand the court proceedings utilizing Spanish language interpreters and the evidence presented at the RCr 11.42 hearing overwhelmingly supports this conclusion.

Appellant also argues that the court erred in considering the political makeup of the county when determining that Appellant received effective assistance. After discussing the overwhelming evidence against Appellant, the court discussed the fact that Hart County was a conservative county, that President

Donald Trump[3] was due to be inaugurated around the time of the trial, and that the jury might have had a poor reception to Appellant because of his immigration status. Appellant claims that considering a potential jury's political leanings was inappropriate and requires his conviction to be vacated or requires a new decision on the RCr 11.42 motion without the political considerations.

We do not believe the trial court's political discussion requires a reversal of the order on appeal. This was just one factor out of many that the trial court considered when determining that trial counsel was not ineffective. Ultimately, Appellant was facing life in prison for killing two people, but trial counsel was able to negotiate a forty-year sentence instead. This was a beneficial plea bargain for Appellant and trial counsel was not ineffective for allowing Appellant to enter into the agreement.

Appellant's final argument on appeal is that the trial court should have granted a motion granting funds for Appellant to hire an expert witness to testify at the RCr 11.42 hearing. The expert witness was to be a linguistics expert who would have testified that Appellant may have been able to speak Spanish, but could not fully understand it. The expert would also have testified that Appellant

---

[3] The court mentioned that Appellant was an illegal immigrant and President Trump had a proclivity for talking poorly about illegal immigrants.

could have been pretending to fully understand the Spanish language in order to better fit in.

> In determining whether an indigent defendant is entitled to funding for an expert witness . . . a trial court must consider 1) whether the request has been pleaded with requisite specificity; and 2) whether funding for the particularized assistance is reasonably necessary; 3) while weighing relevant due process considerations. A trial court's denial of a request for funds is reviewed for abuse of discretion.

*Tunstull v. Commonwealth*, 337 S.W.3d 576, 587 (Ky. 2011) (internal quotation marks and citations omitted).

The trial court did not abuse its discretion here. The court believed that Spanish became Appellant's primary language once he immigrated to the United States in the late 1990s and integrated into the Spanish speaking community in which he was living. The evidence contained in the record supports a finding that Appellant can speak and understand Spanish. A linguistics expert was not necessary.

## CONCLUSION

Based on the foregoing, we affirm. Appellant received effective assistance of counsel and was not entitled to public funds to pay for a linguistics expert.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Whitney B. Browning
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky